# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
## Case Number 1:14-cv-00319-MR

| | |
|---|---|
| RUSSELL L. MCLEAN, IV, <br><br> Plaintiff, <br><br> vs. <br><br> WELLS FARGO BANK, N.A. <br><br> Defendant, <br><br> WELLS FARGO BANK, N.A. <br><br> Third-Party Plaintiff, <br><br> vs. <br><br> MORTGAGE CONTRACTING SERVICES, LLC, <br><br> Third-Party Defendant. | **CONSENT CONFIDENTIALITY ORDER** |

**WHEREAS**, the parties to this Consent Confidentiality Order ("parties"), have stipulated that certain discovery material is and should be treated as confidential, and have agreed to the terms of this order; accordingly, **IT IS, THEREFORE, ORDERED**:

1. **Scope.** All documents or electronically stored information produced in the course of discovery, all responses to discovery requests, all deposition testimony and deposition exhibits, and any other materials which may be subject to discovery (hereinafter, collectively referred to as "Documents") shall be subject to this Order concerning confidential information and Information Claimed to be Privileged as set forth below.

2. **Confidential Documents**.

    a. **Documents Which May be Designated Confidential**.

    Any party or non-party may designate Documents as Confidential or Attorneys' Eyes Only after review of the Documents by an attorney for that party who has, in good faith, determined that the Documents contain information protected from disclosure by statute, sensitive personal information, trade secrets, or research, development, or commercial information. Documents which are available in the public domain and/or Documents which contain solely information that is available in the public domain may not be designated as Confidential and are not presumed to be confidential.

**b. Documents Which May Be Designated Attorneys' Eyes Only.**

The designation "Attorneys' Eyes Only" is only to be utilized in limited circumstances. Specifically, the Documents which are being designated as "Attorneys' Eyes Only" must contain information which is not commonly known by or available to the public and which derives economic value, actual or potential, from not being generally known to other persons who can obtain economic value from its disclosure or use; is the subject of efforts that are reasonable under the circumstances to maintain its secrecy; and is protected from disclosure by statute, sensitive personal information, trade secrets, or research, development, or commercial information.

**3. Form and Timing of Designation of Confidential Documents.**

**a. All documents other than depositions.** With the exception of deposition testimony, Confidential Documents shall be so designated by the producing party placing or affixing the word "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" on the Documents in a manner which will not interfere with the legibility of the Document. The words "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" shall be placed or affixed in a manner which will permit complete removal of the words "CONFIDENTIAL" and "ATTORNEYS' EYES ONLY." Documents, other

than deposition testimony, shall be designated "Confidential" or "Attorneys' Eyes Only" by the producing party prior to, or contemporaneously with, the production or disclosure of the Documents. Documents, other than deposition testimony, shall be designated "CONFIDENTIAL" OR "ATTORNEYS' EYES ONLY" by a non-producing party within twenty (20) days of their production.

        **b.**    **Depositions.** Portions of depositions shall be deemed Confidential or Attorneys' Eyes Only if designated as such when the deposition is taken or in writing to counsel for all parties within thirty (30) days after receipt by counsel of the transcript. All portions of the deposition and its transcript shall be treated as Confidential pursuant to this Order until the date that is thirty-one (31) days after receipt by counsel of the deposition transcription. All designations of deposition testimony as Confidential and/or Attorneys' Eyes Only shall be specific as to the portions to be protected. Depositions may be designated as Confidential and/or Attorneys' Eyes Only on the grounds provided in Paragraph 2 above.

        **c.**    **Inadvertence.** Inadvertent failure to designate any Document pursuant to this Order shall not constitute a waiver of any otherwise valid claim for protection, so long as such claim is asserted within fifteen (15) days of the discovery of the inadvertent failure to designate. At

such time, arrangements shall be made for the return to the producing party of all copies of the Documents and for the substitution, where appropriate, of properly labeled copies.

    **4.**    **Protection of Confidential Materials**.

        **a.**    **General Protections.** All Documents designated Confidential or Attorneys' Eyes Only under this Order shall not be used or disclosed by the parties or counsel for the parties or any other persons subject to this Order other than preparing for and conducting the litigation in which the Documents were disclosed (including any appeal of that litigation).

        **b.**    **Limited Third Party Disclosures of Confidential Information.** The parties and counsel for the parties shall not disclose or permit the disclosure of any Documents designated as Confidential under the terms of this Order to any other person or entity except as set forth in subparagraphs (i)-(viii) below (collectively, a "Confidential Qualified Person"):

            **i.**    Parties and employees, agents or contractors of a party and/or affiliates of a party to this Order, but only to the extent that the individual party or employee's assistance is necessary to the conduct of this litigation;

**ii.** All lawyers representing a party with respect to this litigation, and other lawyers within their respective law firms, and the staff to whom it is necessary that material be disclosed for the purposes of this litigation, including commercial copiers, draftsmen, etc. As used in this subparagraph, the term "lawyers" shall include both lawyers who are and lawyers who are not employees of any party and/or affiliate of a party;

**iii.** *Bona fide* independent experts or consultants retained solely for the purpose of assisting legal counsel in conducting this litigation who have a need to know the information contained in such Confidential Document and who have, in advance of disclosure, undertaken to execute Exhibit "A."

**iv.** Any person who is a current employee, member, officer, director or representative of the party who produced such Confidential Document;

**v.** Any witness testifying under oath who was previously: (i) an employee, officer, member, director of or consultant to the person who produced the Confidential Document and/or that person's affiliate(s); (ii) an employee of any entity which was a consultant, licensee or an employee of the person who produced the Confidential Document and/or that person's affiliate(s) and/or (iii) an employee of or consultant to any entity

which was an assignee to or assignor of the party who produced such Confidential Document and/or that person's affiliate(s);

   **vi.** Stenographic reporters and certified translators or interpreters, as are necessarily incident to conducting discovery, preparation for trial, or trial itself;

   **vii.** The Court and all Court personnel necessary for the litigation of this case; and

   **viii.** Other persons only upon consent of the producing party or upon order of the Court and on such conditions as are agreed to or ordered.

  **c.** **Limited Third Party Disclosures of Attorneys' Eyes Only Information.** The parties and counsel for the parties shall not disclose or permit the disclosure of any Documents designated as Attorneys' Eyes Only under the terms of this Order to any other person or entity except as set forth in subparagraphs (i)-(vi) below (collectively, an "Attorneys' Eyes Only Qualified Person"):

   **i.** All lawyers representing a party with respect to this litigation, and other lawyers within their respective law firms, and their staff to whom it is necessary that materials be disclosed for the purposes of this litigation, including commercial copiers, draftsmen, etc. As used in this

subparagraph, the term "lawyers" shall include both lawyers who are and lawyers who are not employees of any party and/or an affiliate of a party;

  **ii.** *Bona fide* independent experts or consultants retained solely for the purpose of assisting legal counsel in conducting this litigation who have a need to know the information contained on such Attorneys' Eyes Only Documents and who have, in advance of disclosure, undertaken to execute Exhibit "A."

  **iii.** Any person who is a current employee, officer, director or representative of the party who produced such Attorneys' Eyes Only Document;

  **iv.** Stenographic reporters and certified translators or interpreters, as are necessarily incident to conducting discovery, preparation for trial, or the trial itself;

  **v.** The Court and all Court personnel necessary for the litigation of this case; and

  **vi.** Other persons only upon consent of the producing party or upon order of the Court and on such conditions as are agreed to or ordered.

In no event shall named parties, their shareholders, members, officers, directors and non-lawyer employees, contractors and/or consultants be

included in those qualified persons with access to Attorneys' Eyes Only documents, provided that nothing in this Order shall restrict the right of any person to share any Document in its possession with any of its employees, consultants, agents of the employees, consultants or agents of its parent, affiliates or subsidiaries.

  **5. Control of Documents.**

    **a. Original documents.** Counsel for the parties shall take reasonable efforts to prevent unauthorized disclosure of Documents designated as Confidential and/or Attorneys' Eyes Only pursuant to the terms of this Order. Counsel shall maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the Documents along with the originals of the form attached hereto as Exhibit A signed by those persons required to acknowledge their obligations under this Order.

    **b. Copies.** All copies, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "Copies") of documents designated as Confidential under this Order or any portion of such a document, shall be immediately affixed with the designation "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" if the word does not

already appear on the copy. All such Copies shall be afforded the full protection of this Order.

**6. Challenges to Designation as Confidential.**

**a.** Any Confidential or Attorneys' Eyes Only designation is subject to challenge. The following procedures shall apply to any such challenge: The burden of proving the necessity of a Confidential or Attorneys' Eyes Only designation remains with the party asserting confidentiality. A party who contends that Documents designated Confidential or Attorneys' Eyes Only are not entitled to confidential treatment shall give written notice to the party who affixed the confidentiality designation of the specific documents whose treatment it challenges and the specific basis for the challenge. The party that designated the Documents as Confidential and/or Attorneys' Eyes Only has seven (7) days from the date of the service of the challenge of designation to respond in writing to the challenged designation of the Documents. The parties will make a good faith effort to resolve any disputes concerning the confidential treatment of any information. If the parties cannot resolve any such dispute, the party challenging the designation of the Documents has thirty (30) days from the date upon which it served written notice of the challenge to move for an Order challenging the Confidential or Attorneys' Eyes Only designation.

**b.** Notwithstanding any challenge to the designation of Documents as Confidential, all material previously designated Confidential or Attorneys' Eyes Only shall continue to be treated as subject to the full protections of this Order until one of the following occurs:

**i.** The party who claims that the Document is Confidential and/or Attorneys' Eyes Only withdraws such designation in writing or

**ii.** The Court rules that the Document should no longer be designated as Confidential and/or Attorneys' Eyes Only.

Challenges may be made to the Attorneys' Eyes Only designation for limited disclosure in circumstances, wherein an Attorney may need to show such documents to his or her client or other third party for assistance in the analysis of said documents to the case at hand. In such situations, the above procedures will be followed, provided that a party may challenge an Attorneys' Eyes Only designation of a Document on the grounds set forth in this paragraph at any time and without regards to the length of time between the challenging party's receipt of notice of the designation and the date of the challenge.

**7. Treatment on Conclusion of Litigation.**

**a. Order Remains in Effect.** All provisions of this Order restricting the use of Documents designated CONFIDENTIAL or ATTORNEYS' EYES ONLY shall continue to be binding after the conclusion of the litigation unless otherwise ordered.

**b. Return of Confidential Documents.** Subject to a final order of the Court, within thirty (30) days after the conclusion of the case, including conclusion of any appeal, all Documents treated as Confidential and/or Attorneys' Eyes Only under this Order, including copies as defined in Paragraph V.B. above shall be returned to the producing party unless:

**i.** The Document has been entered as evidence or filed;

**ii.** The parties stipulate to destruction in lieu of return; or

**iii.** As to Documents containing the notation, summations, or other mental impressions of the receiving party, that party elects destruction.

8. **Protection of Documents Which May be Privileged or Otherwise Protected.**

    a. **Information Claimed to Be Privileged.** As used in the Order, the term "Information Claimed to be Privileged" means all information in whatever form that is privileged or otherwise protected from disclosure by the attorney-client privilege, the work product doctrine and/or any other applicable privilege or protection from disclosure.

    b. **Inadvertent Disclosure.** In the event of inadvertent production or disclosure of Information Claimed to be Privileged, counsel shall notify opposing counsel that privileged information was inadvertently produced. Within ten (10) days of receipt of the notification, counsel for the party who received the Information Claimed to be Privileged shall locate the information and take reasonable steps to retrieve any copies, and either:

        i. Destroy the Information Claimed to be Privileged and all copies of the information by a method mutually agreeable to the parties;

        ii. Return the Information Claimed to be Privileged and all copies; or

        iii. Sequester the Information Claimed to be Privileged and all copies of the information by a method mutually agreeable to the

parties and Submit the issue of whether the Information Claimed to be Privileged, in fact, is privileged to the Court.

9. **Challenging Designation of Privilege.** Nothing in this Order shall preclude any party from challenging an assertion of privilege or protection from discovery or production or requesting the Court's intervention to resolve the dispute.

10. **Subject Matter Waiver.** The parties agree that the inadvertent production of Information Claimed to be Privileged, or the failure to follow the requirements for filing under seal, does not waive any claim of privilege or protection from disclosure or production that may apply to the Information Claimed to be Privileged.

11. **Filing of Confidential Materials.** In the event a party seeks to file any Document that is subject to protection under this Order with the Court, that party shall take appropriate action to insure that the Document receives proper protection from public disclosure including: (1) filing a redacted Document with the consent of the party who designated the document as Confidential and/or Attorneys' Eyes Only; (2) where appropriate (*e.g.* in relation to discovery and evidentiary motions), submitting the Documents solely for *in camera* review; or (3) where the preceding measures are not adequate, seeking permission to file the Document under

seal pursuant to an order by the Court.  Absent extraordinary circumstances making prior consultation impractical or inappropriate, the party seeking to submit the document to the Court shall first consult with counsel for the party who designated the Document as Confidential and/or Attorneys' Eyes Only to determine if some measure less restrictive than filing the Document under seal may serve to provide adequate protection.  This duty exists irrespective of the duty to consult on the underlying motion.

12. **Greater Protection of Specific Documents.**  No party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an Order providing such special protection.

13. **Discovery of Protected Information by Non-Parties.** If a receiving party, a Confidential Qualified Person or an Attorneys' Eyes Only Qualified Person receives a subpoena or other request for production from a non-party to this case seeking production or other disclosure of a Document marked Confidential or Attorneys' Eyes Only, the party subject to the subpoena or request shall immediately give written notice to the producing party and the party that designated the Documents as Confidential and/or Attorneys' Eyes Only, specifying the information sought and enclosing a copy of the subpoena or other form of compulsory process, and shall notify

the person serving the process that such materials are the subject of this Order.  Unless within twenty (20) days of service of such notification, the producing party or other party that designated the materials applies for an order from a court of competent jurisdiction precluding the receiving party from copying with such request, the receiving party shall be free to product the requested Documents.  If such an application is made, the party upon whom the process was served shall not produce the Confidential and/or Attorneys' Eyes Only Documents until after the court rules on such application.

14. **Order Subject to Modification.**  This Order shall be subject to modification on motion of any party or any other person who may show an adequate interest in the matter to intervene for purposes of addressing the scope and terms of this Order.  The Order shall not, however, be modified until the parties shall have been given notice and an opportunity to be heard on the proposed modification.

15. **Persons Bound.**  This Order, aside from being an Order, is also intended as a contract among the parties hereto and shall be binding upon those parties as of the date of signature.

[Signature page to follow]

STIPULATED AND AGREED TO BY:

| Attorneys for Plaintiff | Attorney for Defendant/Third-Party Plaintiff |
|---|---|
| /s/Russell L. McLean, III (by permission)<br>Russell L. McLean, III<br>N.C. State Bar No. 7220<br>Rlmclean3@aol.com<br>Post Office Box 4<br>Waynesville, NC 28786<br>Telephone: (828) 452-2896<br>Fax: (828) 356-6517 | /s/B. Chad Ewing<br>B. Chad Ewing<br>N.C. State Bar No. 27811<br>cewing@wcsr.com<br>WOMBLE CARLYLE SANDRIDGE & RICE, LLP<br>301 South College Street, Suite 3500<br>Charlotte, NC 28202-6037<br>Telephone: (704) 331-4900<br>Fax: (704) 331-4955 |

Attorney for Third-Party Defendant

/s/Peter F. O'Connell (by permission)
Peter F. O'Connell
N.C. State Bar No. 38401
PFO@sharpless-stavola.com
SHARPLESS & STAVOLA, LLP
Post Office Box 22106
Greensboro, NC 27420
Telephone: (336) 333-6383
Fax: (336) 333-6399

**IT IS SO ORDERED.**

Signed: November 2, 2015

Martin Reidinger
United States District Judge

# ATTACHMENT A

# ACKNOWLEDGMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# Case Number 1:14-cv-319

| | |
|---|---|
| **RUSSELL L. MCLEAN, IV,**<br>　　　　Plaintiff,<br><br>vs.<br><br>**WELLS FARGO BANK, N.A.**<br>　　　　Defendant,<br><br>**WELLS FARGO BANK, N.A.**<br>　　　　Third-Party Plaintiff,<br><br>vs.<br><br>**MORTGAGE CONTRACTING SERVICES, LLC,**<br>　　　　Third-Party Defendant. | **CONFIDENTIALITY ORDER** |

　　　　The undersigned hereby acknowledges that he or she has read the Confidentiality Order dated [confidentiality order date], in the above captioned action, understands the terms thereof, and agrees to be bound by such terms. The undersigned submits to the jurisdiction of the United States District Court for the Western District of North Carolina in matters relating to the Confidentiality Order and understands that the terms of said Order obligate him/her to use discovery materials designated CONFIDENTIAL and/or CONFIDENTIAL – ATTORNEYS' EYES ONLY solely for the

purposes of the above-captioned action, and not to disclose any such confidential information to any other person, firm or concern unless expressly allowed by the Confidentiality Order.

The undersigned acknowledges that violation of the Stipulated Confidentiality Order may result in penalties for contempt of court.

Date:  **[date attachment A signed]**　　　　[Signature [attachment A]]
　　　　　　　　　　　　　　　　　　　　　　　Signature